NOTICE OF APPEAL
TO
U.S. COURT OF APPEALS, THIRD CIRCUIT

U.S. District Court for the District of Delaware

CIRCUIT COURT
DOCKET NUMBER: _____
(leave blank)

FULL CAPTION IN DISTRICT COURT AS FOLLOWS:

DISTRICT COURT
DOCKET NUMBER: 07-84-SLR

JAMES ST. LOUIS

v.

DISTRICT COURT
JUDGE: SUE L. ROBINSON

EVA MARSHALL ET AL.

Notice is hereby given that JAMES ST. LOUIS

Appeals to the United States Court of Appeals for the Third Circuit from ☐ Judgment ☒ Order,

☐ Other (specify)

Entered in this action on APRIL 16, 2007

Dated: 4/26/2007

*James St. Louis Jr.*
(Counsel for Appellant-Signature)

JAMES ST. LOUIS PRO SE.
(Name of Counsel – Typed)

1181 PADDOCK ROAD
(Address)

SMYRNA, DE. 19977
(City, State Zip)

N/A
(Telephone Number)

_____
Counsel for Appellee

_____
(Address)

_____
(City, State Zip)

_____
Telephone Number

NOTED: USE ADDITIONAL SHEETS if all appellants and/or all counsel for appellees cannot be listed on the Notice of Appeal

FILED
APR 30 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ST. LOUIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-84-SLR |
| ) | |
| EVA MARSHALL, CHRIS FOWLER, ) | |
| MELANIE WITHERS, and KARL ) | |
| HALLER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 16th day of April, 2007, having considered plaintiff's pending motions and having screened the case pursuant to 28 U.S.C. § 1915 and 1015A;

IT IS ORDERED that the case is dismissed as malicious and frivolous for the reasons that follow:

1. **Background.** Plaintiff, an inmate housed at the Delaware Correctional Center ("DCC"), filed this civil rights complaint pursuant to 42 U.S.C. § 1983. (D.I. 2) He also filed a request for leave to proceed in forma pauperis which was denied under 28 U.S.C. § 1915(g) on the basis that three or more times in the past, while incarcerated, plaintiff brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. (D.I. 6) Plaintiff was ordered to pay the filing within thirty days or face dismissal.

2. On March 2, 2007, plaintiff filed a letter/motion with the court requesting reconsideration. (D.I. 7) Plaintiff argues that he filed motions for redress in Civ. Action No. 06-641-SLR and Civ. Action No. 06-682-SLR which were not resolved and which

affected the court's "three strike" ruling. Plaintiff's position is well-taken. Accordingly, the court will grant the motion for reconsideration, vacate the March 1, 2007 order (D.I. 5), and conduct an initial screening of the case.

3. **Standard of Review.** When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis-either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

4. A complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993); see also Banks v. Gillie, Civ. Act. No. 03-3098, 2004 U.S. Dist. LEXIS 5413, at *9 (E.D. La. Feb. 25, 2004) (duplicative and repetitive complaints are considered malicious for purposes of § 1915); McGill v. Juanita Kraft Postal Serv., No. 3:03-CV-1113-K, 2003 WL 21355439, at *2 (N.D. Tx. June 6, 2003) (complaint is malicious when it "'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation") (quoting Pittman v. Moore, 980 F.2d at 994-95).

5. The court must "accept as true factual allegations in the complaint and all

2

reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

6. **Discussion**. Plaintiff filed this action against Delaware assistant attorney general Melanie Withers ("Withers"), Delaware assistant public defender Karl Haller ("Haller"), Eva Marshall ("Marshall"), and Chris Fowler ("Fowler"). As in the past, plaintiff again challenges actions taken during criminal proceedings which resulted in his conviction of rape in the first degree and continuous sexual abuse of a child. More particularly, he challenges the veracity of minors' testimony and makes claims of witness tampering.

7. **Malicious**. After reviewing the allegations in the present case and the allegations in Civ. Action No. 05-038-SLR and Civ. Action No. 06-682-SLR, the court finds that, as to Withers and Haller, the current action is malicious, as that term is defined in the context of § 1915. Plaintiff has filed suit against defendants Withers and Haller in the past, which previous actions contain many of the same allegations, all within the same time-frame. Additionally, any claims newly raised in the present complaint arise out of a common nucleus of operative facts that could have been brought in the prior litigation filed by plaintiff. Therefore, the claims against Withers and

3

Haller are dismissed as malicious.

8. **Immunity**. Also, as a prosecutor, Withers has absolute immunity for all activities relating to judicial proceedings. See Imbler v. Pachtman, 424 U.S. 409 (1976). Prosecutors are absolutely immune for all actions performed in a "quasi-judicial" role. The scope of absolute immunity for prosecutors "includes activity taken while in court, such as the presentation of evidence or legal argument, as well as selected out of court behavior 'intimately associated with the judicial phases' of litigation." Imbler, 424 U.S. at 430-31 (internal citations omitted).

9. **State Actor**. Haller is an attorney in the Delaware Public Defender's office. Plaintiff alleges that, as a defendant in a criminal action, he was represented by Haller. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Moore v. Tartler, 986 F.2d 682, 685 (3d Cir.1993).

10. Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. Polk County v. Dodson, 454 U.S. 312 (1981); Harmon v. Delaware Secretary of State, 154 Fed. Appx. 283, 284-85 (3d Cir. 2005). Because public defenders are not considered state actors, plaintiff's claim against Haller fails under § 1983.

11. Similarly, Marshall and Fowler also are not state actors. Marshall is the girlfriend of Fowler, and Fowler is the biological father of plaintiff's victim. They are not "clothed with the authority of state law." See Reichley v. Pennsylvania Dep't of Agric.,

427 F.3d 236, 244-45 (3d Cir. 2005); Biener v. Calio, 361 F.3d 206, 216-17 (3d. Cir. 2004). Hence, any actions taken by them were not under "color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)) (overruled in part on other grounds Daniels v. Williams, 474 U.S. 327, 330-31 (1986)). The claims against Marshall and Fowler have no arguable basis in law or in fact and are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

12. **Conclusion.** Based upon the foregoing analysis, the letter/motion for reconsideration (D.I. 7) is granted and the March 1, 2007 order (D.I. 5) is vacated. The motion for leave to proceed in forma pauperis is granted. (D.I. 1) The motion to consolidate cases (D.I. 6) is denied. The complaint is dismissed without prejudice as malicious and frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d. Cir. 1976).

13. Plaintiff is not required to pay any previously assessed fees or the $350.00 filing fee. The clerk of the court is directed to send a copy of this order to the appropriate prison business office.

_____
UNITED STATES DISTRICT JUDGE



IM: James A. Jones Jr.
SBI# 446518   UNIT Medium East (F-17)
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

US POSTAGE $01.59
APR 27 2007
MAILED FROM ZIP CODE 19977

U.S.M.S.
X-RAY

Office of the Clerk
United States District Court
844 King Street Lockbox 18
Wilmington, Delaware
19801